**Mavis RUSSELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2653.**

Court of Appeals of Alaska.

June 22, 1990.

David E. George, Anchorage, for appellant.

Tonja Woelber, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

Mavis Russell was convicted of tampering with a witness in the first degree and contempt of court after a non-jury trial before Superior Court Judge Peter A. Michalski. Russell appeals, contending that the trial court misinterpreted the tampering with a witness statute and that the evidence was insufficient to support a conviction for contempt.

In 1987, Russell's husband, Keith, was charged with sexually abusing the couple's daughter, L.R. His trial was scheduled to begin on January 11, 1988. Russell and L.R. received subpoenas to appear in court on January 12, 1988, to testify as prosecution witnesses. Russell apparently did not want her husband prosecuted and did not want to testify. On December 18, 1987, Russell unexpectedly left Alaska, taking L.R. with her. She told no one of her departure or her destination. In the months that followed, she moved from state to state with L.R., stopping for short periods of time with various relatives and taking elaborate precautions to conceal her whereabouts.

On January 8, 1988, several days before his trial for sexually abusing L.R. was to begin, Keith Russell moved for a continuance. Superior Court Judge Karl Johnstone granted the motion and reset the trial for March 21. However, Judge Johnstone expressly ordered that the subpoenas previously served on Russell and L.R. were to remain in effect for January 12. When neither Russell nor L.R. appeared in court on that date, the state charged Russell with tampering with a witness and contempt. Russell was arrested as a fugitive in Minnesota in early March and returned to Alaska for trial.

On appeal, Russell first argues that she could not properly be convicted of tampering with a witness in the first degree because the January 12 trial date was vacated and rescheduled to March. We find this argument unpersuasive.

Russell was convicted under AS 11.56.-540(a)(2), which provides, in relevant part:

A person commits the crime of tampering with a witness in the first degree if the person knowingly induces or attempts to induce a witness to ... be absent from a judicial proceeding to which the witness has been summoned.

The state charged Russell with committing this offense by removing L.R. from the jurisdiction and concealing her whereabouts in order to prevent her from testifying at Keith Russell's trial on January 12.

■ Although Russell contends that the offense could not have been committed because the January 12 trial never occurred, the language of the statute is to the contrary. Under the express statutory terms, the crime of tampering with a witness in the first degree is complete when a person either induces or attempts to induce a subpoenaed witness to be absent from a judicial proceeding. The statute does not re-

quire the state to prove that the judicial proceeding to which the witness was summoned actually occurred. Russell has advanced no convincing reason to read an extrinsic requirement of this kind into the plain and unambiguous statutory language.

■ Abundant evidence was introduced at Russell's trial to establish that she attempted to induce her daughter to be absent from Russell's trial by fleeing the jurisdiction with her on December 18, 1987, and concealing their whereabouts thereafter. At the time Russell and L.R. fled the state, both had been subpoenaed to appear as witnesses. Since the January 12 trial date remained in effect until January 8, a judicial proceeding was still clearly pending at the time of Russell's departure, and the subpoenas that she and her daughter had been served with were unquestionably valid.

In convicting Russell, Judge Michalski expressly concluded that her conduct prior to the January 8 continuance amounted to a knowing attempt to induce L.R. to be absent from the then pending January 12 trial. This conclusion is supported by the evidence and suffices to establish Russell's guilt of tampering with a witness in the first degree.

■ Russell separately challenges the sufficiency of the evidence to support her contempt of court conviction. Russell was charged with contempt for her own failure to appear on January 12, 1988, in response to the subpoena that she had received. She was convicted under AS 09.50.010(10), which defines contempt to include "disobedience of a subpoena duly served...."

Russell acknowledges that she was subpoenaed to appear in court on January 12 and concedes that Judge Johnstone did not exceed his authority in ordering the subpoena to remain in effect for January 12, despite his postponement of the trial to March 21. Russell nevertheless claims that Judge Johnstone's decision to postpone the trial created sufficient ambiguity to preclude her conviction for contempt. Specifically, Russell relies on evidence indicating that, after the January 8 hearing at which the trial was continued, Keith Russell called and told her that the trial date had been postponed but did not mention that her subpoena remained in effect.

The essence of Russell's argument appears to be a claim of mistake of fact. Russell was charged with contempt for ignoring the subpoena to appear on January 12; she defended by contending that she mistakenly believed the subpoena was no longer valid because the trial had been postponed. After hearing all of the evidence, however, Judge Michalski rejected this defense. The judge found that, at best, Russell acted recklessly in assuming that her subpoena was no longer valid because the trial had been postponed. On this basis, the judge concluded that Russell's subjective belief that the subpoena was no longer valid did not absolve her of responsibility for contempt.

Judge Michalski's ruling is not in error. Under AS 11.81.620(b), a mistake of fact can be a defense to a crime only when it is a reasonable mistake. There is ample evidence in the record to justify Judge Michalski's finding that, if Russell actually did believe she was no longer bound to appear, her mistake was not reasonable. Accordingly, there was ample evidence to support Russell's conviction for contempt of court.

The convictions are AFFIRMED.